Dear Mr. Bridges:
On behalf of the Polk County School Board, you ask substantially the following questions:
1) Must all noninstructional school district employees who are permitted access on school grounds when students are present, who have direct contact with students, or who have access to or control of school funds meet level 2 screening requirements as described in section435.04, Florida Statutes?
2) If so, does section 1012.465, Florida Statutes, or other authority allow for exemptions, exceptions, or waivers of the requirement that such employees meet level 2 screening requirements?
3) If so, do local school districts constitute licensing departments as contemplated in section 435.07, Florida Statutes, such that they would be authorized to grant exemptions from disqualification under that statute?
Questions One and Two
As your first and second questions are related, they will be answered together.
Section 1012.465(1), Florida Statutes, as amended in 2007, provides:
"Except as provided in s. 1012.467 or s. 1012.468, noninstructional school district employees or contractual personnel who are permitted access on school grounds when students are present, who have direct contact with students or who have access to or control of school fundsmust meet level 2 screening requirements as described in s. 1012.32."[1] (e.s.)
Section 1012.32, Florida Statutes, sets forth the qualifications for personnel in the public schools of the state. As you note, the statute, rather than describing the level 2 requirements, states in subsection (2)(a) that "[i]nstructional and noninstructional personnel who are hired or contracted to fill positions requiring direct contact with students in any district school system or university lab school shall, upon employment or engagement to provide services, undergo background screening as required under s. 1012.465 or s. 1012.56, [Florida Statutes,] whichever is applicable."[2]
While sections 1012.465 and 1012.32, Florida Statutes, refer to level 2 screening requirements, neither statute specifically references section 435.04, Florida Statutes. Section 435.04, however, sets forth the level 2 screening standards. An examination of the legislative history regarding the enactment and subsequent amendment of section1012.465 indicates that the reference in the statute to level 2 screening requirements means those standards set forth in section435.04.[3]
Section 1012.465(1), Florida Statutes, is phrased in mandatory language.[4] While the statute recognizes two exceptions as provided in sections 1012.467 and 1012.468, Florida Statutes, neither section1012.467 nor section 1012.468 appear to exempt noninstructional employees from the level 2 screening requirements. Section 1012.467
provides screening requirements for noninstructional contractors.[5]
"Noninstructional contractor" is defined by section 1012.467(1)(a), Florida Statutes, to mean
"any vendor, individual, or entity under contract with a school or with the school board who receives remuneration for services performed for the school district or a school, but who is not otherwise considered an employee of the school district. The term also includes any employee of a contractor who performs services for the school district or school under the contract and any subcontractor and its employees."
Section 1012.468, Florida Statutes, creates exceptions to fingerprinting and criminal history checks for certain noninstructural contractors, law enforcement officers, or employees or medical directors of ambulance providers.[6] I am not aware of, nor have you brought to my attention, any exemption from, or exception to, the screening requirements of section 1012.465, Florida Statutes, for noninstructional school district employees who are permitted access on school grounds when students are present, who have direct contact with students, or who have access to or control of school funds.[7]
Accordingly, in light of the mandatory language of section 1012.465, Florida Statutes, and inasmuch as noninstructional school district employees do not fall within the exceptions recognized therein, I am of the opinion that all noninstructional school district employees who are permitted access on school grounds when students are present, who have direct contact with students, or who have access to or control of school funds must meet level 2 screening requirements as described in section 435.04, Florida Statutes.
Question Three
As discussed in the previous question, section 435.04, Florida Statutes, sets forth the level 2 screening standards. Section 435.07, Florida Statutes, provides:
"Unless otherwise provided by law, the provisions of this section shall apply to exemptions from disqualification.
(1) The appropriate licensing agency may grant to any employee otherwise disqualified from employment an exemption from disqualification for:
(a) Felonies committed more than 3 years prior to the date of disqualification;
(b) Misdemeanors prohibited under any of the Florida Statutes cited in this chapter or under similar statutes of other jurisdictions;
(c) Offenses that were felonies when committed but are now misdemeanors;
(d Findings of delinquency; or
(e) Commissions of acts of domestic violence as defined in s. 741.30."
Section 435.02(3), Florida Statutes, defines "Licensing agency" as
"any state or county agency which grants licenses or registration permitting the operation of an employer or is itself an employer. When there is no state licensing agency or the county licensing agency chooses not to conduct employment screening, "licensing agency" means the Department of Children and Family Services."
The above provision does not appear to have been the subject of interpretation by the appellate courts nor did a review of the legislative history surrounding the enactment of the statute indicate any evidence of legislative intent. You state that you do not believe that the school district constitutes a "licensing agency" such that it may grant exemptions pursuant to section 435.07, Florida Statutes. In the absence of judicial or legislative clarification, I concur in that conclusion. I am of the view that the above definition of "licensing agency" would appear to encompass permitting or licensing agencies including those licensing agencies which are themselves employers. I cannot conclude that the above definition is broad enough to include any employer. Such an interpretation would appear to be inconsistent with the intent underlying such statutes as section 1012.465, Florida Statutes.
Accordingly, I am of the opinion that local school districts do not constitute licensing departments as contemplated in section 435.07, Florida Statutes, such that they would be authorized to grant exemptions from disqualification under that statute.
Sincerely,
Bill McCollum Attorney General
BM/tjw
[1] The statute provides that contractual personnel include any vendor, individual, or entity under contract with a school or the school board. The statute was amended by s.
6, Ch. 07-207, Laws of Fla., to recognize the exceptions provided in ss. 1012.467 and 1012.468 which were created by the 2007 legislation.
[2] Section 1012.56, Fla. Stat., relates to educator certification requirements. And see ss. 1012.32(2)(b) and (c), Fla. Stat., setting forth qualifications for instructional or noninstructional personnel in charter schools and alternative schools, respectively.
[3] See Senate Staff Analysis and Economic Impact Statement on CS/SB 2986 (enacted as Ch. 04-295, Laws of Fla.), p. 9, dated April 5, 2004, stating:
"The bill creates s. 1012.465, F.S., to provide for background screening requirements for certain noninstructional school district employees or contractors who have direct contact with students or who have access to or control of school funds. These individuals must meet the level 2 screening requirements in s. 435.04, F.S., for initial employment. They are also subject to level 2 background screenings every five years and are required to resubmit their fingerprints if for any reason the FDLE does not retain the prints as required by law. Costs may be borne by the district school board, the contractor, or the person being fingerprinted."
And see The Florida Senate Professional Staff Analysis and Economic Impact Statement on CS/SB 988 (enacted as Ch. 07-207, Laws of Fla.), p. 3, n. 1, dated March 25, 2007, recognizing that the Legislature in the past several years has increasingly required individuals who come into contact with students to submit to Level 2 background checks and noting that "Level 2 background screening standards (disqualifying offenses) are enumerated in s. 435.04, F.S."
[4] See, e.g., Mallory v. Harkness, 895 F. Supp. 1556 (S.D. Fla. 1995), affirmed without opinion, 109 F.3d 771 (11th Cir. Fla. 1997) (term "must" generally does not allow for any choice when used in a statute and means of compulsion, obligation, or requirement).
[5] Section 1012.467, Fla. Stat., was created by s. 7, Ch. 07-207, Laws of Fla.
[6] See s. 1012.468(2), Fla. Stat. For noninstructional contractors exempt from the screening requirements, s. 1012.468(3)(a), Fla. Stat., provides that such contractors are subject to a search of his or her name or other identifying information against the registration information regarding sexual predators and sexual offenders maintained by the Department of Law Enforcement under s. 943.043 and the National Sex Offender Public Registry maintained by the United States Department of Justice.
[7] Cf. s. 1012.321, Fla. Stat., providing that instructional personnel who are required to undergo level 2 background screening under s. 393.0655 or s. 402.305 and who meet the level 2 screening standards in s. 435.04 are not required to be rescreened in order to satisfy the screening requirements in s. 1012.32 if the instructional personnel:
"(1) Have completed the criminal history check within 5 years prior to having direct contact with students;
(2) Are rescreened every 5 years and meet the level 2 screening standards; and
(3) Have their fingerprints retained by the Department of Law Enforcement."